Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5821 | **DATE** | 5/6/2002 |
| **CASE TITLE** | Alvin Austin vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act [19-1] is granted for the reasons stated in the attached memorandum opinion and order. Austin's attorney is entitled to $5,190.94 for attorney's fees and $150 for costs for a total award of $5,340.94. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 07 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | Cm | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| | | | 5/6/2002 | |
| KF courtroom deputy's initials | | 02 MAY -6 PM 5:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALVIN AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 5821 |
| ) | |
| JO ANNE BARNHART, Acting ) | |
| Commissioner of Social Security ) | DOCKETED |
| ) | |
| Defendant. ) | MAY 0 7 2002 |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Alvin Austin, was denied disability insurance benefits (DIB") and Supplemental Security Income ("SSI") by an administrative law judge ("ALJ"); the Commissioner of Social Security Appeals Board upheld the denial. On November 28, 2001, this Court reversed the decision of the Commissioner and remanded the case back to the ALJ to reconsider her analysis of Austin's disability because it was premised on factual errors. Plaintiff has now brought a motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28, U.S.C. §2412(d). As we explain below, we grant plaintiff's motion and award him $5,340.94 in attorney's fees and costs.

Under the EAJA, a prevailing party other than the government is entitled to attorney's fees if the position of the Commissioner was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). Austin is a prevailing party because his case was disposed of pursuant to sentence four of 42 U.S.C. 405(g). See *Shalala v. Schaefer*, 509 U.S.292, 296-297 (1993). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) cited in *Corder v. Massanari*, No. 00 C 2714 2001 WL

1355986 (N.D.Ill., Nov. 1, 2001) (citations omitted). Demonstrating substantial justification requires that the government show "that its position was grounded in: 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) citing *Phil Smidt & Son, Inc., v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987), internal citations omitted.

It is the government's burden to prove its position was substantially justified, and in this case, we find that it was not. We remanded the case because we found that the ALJ failed to sufficiently support her determination that Austin did not have an impairment listed in 20 C.F.R. §404, Subpt. P, App. 1, in this case disabling arthritis of a major weight-bearing joint. The ALJ's determination was inadequate because it was premised on factual errors. Specifically, the ALJ erroneously referred to A. Herbstman M.D., one of Austin's treating physicians, as a nurse practitioner throughout her opinion. Moreover, the ALJ disregarded Dr. Herbstman's recommendation that Austin undergo a total knee replacement because the ALJ believed that it was the recommendation of a nurse practitioner, not a physician, and that the recommendation was not supported by empirical evidence.

The ALJ incorrectly stated that none of Austin's doctors recommended a knee replacement. In fact, Dr. Herbstman was one of Austin's treating physicians and a June, 1998 X-ray showing "fairly severe osteoarthritis change" supported his total knee replacement recommendation. Because of this factual error, the ALJ did not adequately support her finding that Austin was not disabled.

The Commissioner's briefs both on its motion for summary judgment and on the instant motion demonstrate that it did not have a substantial justification for its position that

2

we uphold the finding of the ALJ. Austin brought the ALJ's factual errors to the Commissioner's attention in his request for review of the ALJ's decision, which the Appeals Council denied. After the denial, the Commissioner could have agreed to a voluntary remand based on the ALJ's factual error. However, the Commissioner instead opposed Austin's motion for summary judgment. In both its cross motion for summary judgment and the instant motion, the Commissioner argued that the ALJ was justified in her confusion over Dr. Herbstman's status and stated that the ALJ "discussed at length whether Dr. Herbstman was in fact a physician, given the record was not entirely clear on this point." At best, this statement is a great exaggeration of the facts. The ALJ's decision did not contain any discussion of Dr. Herbstman's status, and regardless of the reasonableness of the ALJ's confusion, the government was not substantially justified in arguing that the factual error had no significance.

The Commissioner's position was not substantially justified because it was not grounded in a reasonable basis in truth for the facts alleged. Thus, we award Austin's attorney's fees for the work his attorney did before this court both during summary judgment and in connection with this motion. His attorney is entitled to $5190.94 for attorney's fees and $150 for costs for a total award of $5,340.94. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: May 6, 2002